# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-12-102-F |
| ) | |
| KENTRIEL DEJUAN THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On December 4, 2012, defendant Kentriel Dejuan Thompson pled guilty, pursuant to a plea agreement, to Count 1 of the Indictment, charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to his guilty plea, plaintiff United States of America filed a notice of its intent to seek mandatory imposition of an enhanced sentence under the Armed Criminal Career Act (ACCA), 18 U.S.C. § 924(e)(1), based upon defendant having three previous convictions for a violent felony or a serious drug offense. At sentencing on August 5, 2013, the court, over defendant's objection, found the ACCA enhancement applied, determining that defendant had at least three prior convictions for serious drug offenses. The court imposed a sentence of 240 months of imprisonment and five years of supervised release. Without the ACCA enhancement, defendant's maximum prison term would have been 120 months.

On November 13, 2023, defendant filed a *pro se* Motion for Reduction in Sentence pursuant to 28 U.S.C. § 3582(c)(1)(A)(i). Doc. no. 167. In an amended response to defendant's motion, plaintiff has argued that defendant's motion should

be dismissed as an unauthorized second or successive 28 U.S.C. 2255 motion. According to plaintiff, defendant is seeking to challenge his ACCA sentence under United States v. Cantu, 964 F.3d 924 (10th Cir. 2020)[1] as well as his § 922(g)(1) conviction under New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S.Ct. 2111 (2022). Citing United States v. Wesley, 60 F.4th 1277 (10th Cir. 2023), plaintiff asserts that a § 3582(c)(1)(A)(i) motion, such as that filed by defendant, which raises § 2255 claims must be treated as § 2255 motion. Because defendant has previously filed a § 2255 motion, plaintiff contends that the court lacks jurisdiction to address defendant's successive § 2255 motion.

Plaintiff additionally has noted that defendant raises an argument in a footnote to his motion that he is eligible for a sentence reduction based on Amendment 821. Although plaintiff has acknowledged that Amendment 821 reduces defendant's status points, it contends Amendment 821 does not result in a different sentencing range. As such, plaintiff contends that defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Liberally construing defendant's motion, the court opines that defendant is seeking compassionate release based on extraordinary and compelling reasons of a change in the law and his rehabilitation. Doc. no. 167, ECF p. 12. Defendant points to the recent amendment of § 1B1.13 of the Sentencing Guidelines, effective November 1, 2023, to support his motion. *Id*., ECF pp. 8-9. The amendment makes § 1B1.13 applicable to motions filed by defendants under § 3582(c)(1)(A), in addition to motions filed by the Bureau of Prisons, and it enumerates extraordinary and compelling reasons for sentence reductions. One of the extraordinary and compelling reasons identified is an unusually long sentence. U.S.S.G. § 1B1.13(b)(6).

---

[1] Defendant also references United States v. Williams, 48 F.4th 1125 (10th Cir. 2022).

Section 1B1.13(b)(6) states:

If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individual circumstances.

Defendant asserts that he received an unusually long sentence and has served at least 10 years of that sentence. He also asserts that the change in the law based on Cantu (and Williams) produces a gross disparity between the sentence he is serving and the sentence he would receive now.

The court concludes that plaintiff should address defendant's argument that the change in the law and his rehabilitation constitute extraordinary and compelling reasons. The court also concludes that plaintiff should address whether the 18 U.S.C. § 3553(a) factors favor a time-served sentence.

Accordingly, plaintiff is **DIRECTED** to file a supplement to its response to defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) by January 8, 2024. Defendant may file any reply to plaintiff's supplement by January 26, 2024.

DATED this 18th day of December, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0102p040.docx